THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MYRNA FOULKE,

    Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

3:15-CV-2065
(JUDGE MARIANI)

FILED
SCRANTON

MAY 3 0 2017

PER _____
DEPUTY CLERK

<u>ORDER</u>

AND NOW, THIS 30th DAY OF MAY, 2017, upon *de novo* review of Magistrate Judge Cohn's Report & Recommendation, (Doc. 14), Plaintiff's Objections thereto, (Doc. 15), and all other supporting and opposing briefs and documentation, **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 14), is **ADOPTED**, for the reasons discussed therein.

2. Plaintiff's Objections, (Doc. 15), are **OVERRULED**. Plaintiff's first objection is that the ALJ incorrectly found that Dr. Vita relied "solely upon the self-reporting of the claimant," when weighing Dr. Vita's opinion and did not take into account that Dr. Vita relied upon the results of the BDI-II and the MMSE. (Doc. 15 at 3-4). Plaintiff misreads the ALJ's opinion and the statement Plaintiff cites is taken out of context. The ALJ's opinion states that Dr. Vita "is not treating source and saw the claimant

once. He was relying solely upon the self-reporting of the claimant *and not upon any longitudinal treatment relationship.*" (Doc. 8-2 at Tr. 37) (emphasis added). Thus, in the context of the sentence, it appears the ALJ was merely noting that Dr. Vita's opinion is based on a single interaction in which Plaintiff supplied a narrative history of her functioning, not on long term observations. Further, this statement is not incorrect, as the BDI-II and the MMSE are both questionnaires in which the Plaintiff supplies the answers. Thus, contrary to Plaintiff's assertions, the ALJ never indicated that she believed that Dr. Vita did not administer any tests. Instead, the ALJ found that "little weight can be afforded Dr. Vita's marked and extreme limitations as they are clearly not well supported on the face of the opinion, the doctor's own findings and GAF assessment and the record as [a] whole." (*Id.* at Tr. 37-38). For the reasons outlined in the R&R, this statement is supported by substantial evidence.

Turning to Plaintiff's second objection—that the R&R erred in concluding that Dr. Vita's finding of a cognitive impairment was a different diagnosis than depressive disorder—the Court finds no error. A neurocognitive disorder is a distinct basis for finding of disability apart from, or in conjunction with, a depressive disorder. *Compare* 20 C.F.R. Part 404 Subpart P, Appendix 1 § 12.00(B)(1) *with Id.* at § 12.00(B)(3). Plaintiff never alleged, and there is no indication in the record, that a cognitive impairment—either alone or in combination with her depression—

2

inhibited her ability to work. Indeed, Dr. Vita, who administered the MMSE test found no restriction regarding Plaintiff's ability to understand, remember, and carry out short and simple instructions, a slight restriction regarding Plaintiff's ability to understand, remember, and carry out detailed instructions, and a moderate restriction regarding Plaintiff's ability to make judgment on simple work-related decisions. (Doc. 8-8 at Tr. 191). Thus, the ALJ did not err in not developing the record further with regard to cognitive impairments.[1]

With respect to Plaintiff's third and fourth objections, even assuming that the ALJ did err in failing to provide or explain the omission of a limitation regarding Plaintiff's ability to interact with supervisors, the Court agrees with the R&R that this error was harmless. Plaintiff argues that the R&R failed to "explain its basis from [sic] deviating from the Court's holding in" *Hines v. Colvin*, 2015 WL 8489970 (M.D. Pa. 2015). (Doc. 15 at 13-14). The R&R, however, adequately explained why remand was not necessary under these facts pursuant to the rational in *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 816 (3d Cir. 2016), and *Sweeney v. Colvin*, 2014 WL 4294507, at *17-*18 (M.D. Pa. 2014). While Plaintiff's objections renew her arguments that this Court should apply *Hines*,

---

[1] Additionally, contrary to Plaintiff's assertions, Dr. Vita did not specifically recommend additional cognitive testing. Instead, in a footnote, Dr. Vita provided a solitary quote from the MMSE manual which states that additional cognitive testing for a MMSE score of 23 or below is recommended. (Doc. 8-8 at Tr. 195). Dr. Vita, however, does not provide a specific recommendation that Plaintiff should be given additional cognitive testing, nor does Dr. Vita state that additional testing is necessary before an accurate assessment of Plaintiff's cognitive abilities is established. Indeed, Dr. Vita appeared to have no problem in assessing Plaintiff's limitations in the absence of additional testing.

3

Plaintiff fails to establish why, on the specific facts of this case, the alleged error was not harmless in light of the jobs that the vocational expert suggested.

3. Plaintiff's Appeal is **DENIED**.

4. The Commissioner's decision is **AFFIRMED**.

5. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge